IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MAHLON CONRAD HENDERSON,

    Plaintiff,

vs.

NANCY A. BERRYHILL,[1]
Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

Case No. 17-CV-284-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Mahlon Conrad Henderson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied.

---

[1] Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration pending the nomination and confirmation of a Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's January 29, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 3, 2015. By decision dated January 13, 2016, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 22, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 46 at the time of the ALJ's denial decision.  He has a high school education and formerly worked as a customer service representative.  He claims to have been unable to work since November 1, 2013, as a result of a seizure disorder, status post removal of pituitary tumor, an anxiety disorder, and problems with memory and concentration.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following limitations: he requires seizure precautions in that he cannot work around hazards such as height or open machinery.  In addition, he is limited to the performance of simple, repetitive tasks.

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinion evidence.

### Analysis

Dr. Jeremy Salas, a neurologist, treated Plaintiff beginning in August 2014. [R. 338]. On August 1, 2014 Dr. Salas related Plaintiff's description of his problems and opined that there may be problems with the timing and dosage of his medication. Dr. Salas noted his physical exam was normal and outlined his plan for further treatment and evaluation of Plaintiff, including EEG, and EMI of the brain, and neuropsychological testing to better evaluate Plaintiff's concerns about his cognitive impairment. [R. 338-339]. The MRI dated August 6, 2014, revealed encephalomalacia[3] in the right frontal lobe and cerebellar atrophy. [R. 340]. Dr. Salas saw Plaintiff again on March 2, 2015 regarding his "history of frontal lobe encephalomalacia and resultant seizure disorder." [R. 342]. Dr. Salas started Plaintiff on a trial of a new medication for his episodes of disorientation and confusion lasting 5-7 minutes occurring about once a week. Dr. Salas noted Plaintiff's lack of insurance limited

---

[3] According to Stedmans Medical Dictionary, entry No. 288820 (database updated November 2014), encephalomalacia is an abnormal softness of the cerebral parenchyma often due to ischemia or infarction.

his medication choices. *Id.* On June 1, 2015, Plaintiff returned to Dr. Salas and the trial of medication was discontinued because of an adverse reaction. Plaintiff reported episodes of "spacing out" were occurring one to two times per month. [R. 343]. On September 14, 2015, Dr. Salas recorded that although Plaintiff has not had spacing out episodes, he has had a great deal of difficulty with concentration and mild fatigue that has coincided with the start of this current medication. [R. 344]. Dr. Salas completed a mental RFC assessment dated March 2, 2015, wherein he opined Plaintiff had marked and severe limitations in several areas, including severe limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual; and in the ability to make simple work-related decisions. [R. 311]. Plaintiff also had a severe limitation in the ability to complete a normal workday and work week without interference from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. [R. 312]. Dr. Salas stated Plaintiff has a frontal lobe brain injury causing emotional lability, trouble with concentration, decision making, and seizures. [R. 312-313].

Under the Commissioner's regulations in effect for claims filed before March 27, 2017, an ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). However, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors

4

provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted).  If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ stated he gave Dr. Salas' opinion some, but not controlling weight. According to the ALJ, the doctor apparently relied quite heavily on Plaintiff's subjective reports.  The ALJ stated this is especially true given that Plaintiff had repeatedly normal neurological findings on examination and the doctor recommended neuropsychological testing to better evaluate the allegations of cognitive limitations, but did not order such testing.  [R. 29].  Plaintiff asserts that the ALJ failed to evaluate Dr. Salas' opinion under the appropriate factors.  Further,  normal findings on neurological examinations do not address Plaintiff's mental abilities, nor does the failure to order neuropsychological testing in light of Plaintiff's limited funds present a sufficient rationale to conclude Dr. Salas relied primarily on Plaintiff's reports  The undersigned agrees with Plaintiff.

It does not appear to the undersigned that the failure to order neuropsychological testing has any logical connection to the weight of Dr. Salas' opinion.   Dr. Salas contemplated neuropsychological testing before the MRI of Plaintiff's brain confirmed the presence of a frontal lobe injury.  There is no suggestion that neuropsychological testing would improve Plaintiff's ability to perform work-related activities.  If the ALJ was convinced that neuropsychological testing was necessary to evaluate the degree of Plaintiff's limitations, the ALJ could have ordered that testing himself.  Likewise it is not evident how the normal neurological findings contained in Dr. Salas' records pertain to Plaintiff's claimed memory problems, ability to concentrate, and medication side effects.

5

The undersigned finds that the ALJ failed to appropriately evaluate Dr. Salas' opinions under 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). This failure was not harmless because if Dr. Salas' opinion about Plaintiff's abilities was given controlling weight, it is likely the case would have had a different outcome. Therefore, the case must be remanded for the ALJ to properly address Dr. Salas' opinions under the standards contained in the Commissioner's regulations.

In addition to Dr. Salas' opinions about Plaintiff's inability to sustain concentration and persist, the psychological consultative examiner, Nancy F. Barton, Ph.D., expressed the following opinions about Plaintiff's abilities in these same areas:

> Based on my limited time with Mr. Henderson it is likely he is able to understand and socially interact in a work environment but his ability to remember, sustain concentration, persist, and adapt seems compromised at this time.

[R. 292]. In addition, Dr. Barton said Plaintiff is not capable of managing his financial affairs. *Id.* The ALJ stated he gave significant weight to Dr. Barton's opinions. However, although the ALJ mentioned Dr. Barton's description of Plaintiff's problems in the ability to persist and adapt, the ALJ did not explain how the RFC limitation to performance of simple and repetitive tasks addresses Plaintiff compromised ability to persist and adapt. On remand the ALJ is required to address these areas of Dr. Barton's opinion, which the undersigned notes are consistent with Dr. Salas's opinion about Plaintiff's work-related limitations.

6

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ's denial decision should be REVERSED and the case REMANDED for further consideration and discussion of the opinion evidence.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before July 24, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 10th of July, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE