UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAHLON CONRAD HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0284-CVE-FHM |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Dkt. # 28). Plaintiff requests $5,801.90 in attorney fees pursuant to the EAJA. Id. at 1. Defendant filed a response in opposition to plaintiff's motion for EAJA fees (Dkt. # 29), arguing that her position was substantially justified.

On May 19, 2017, plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security Administration (SSA) denying her claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 23. The magistrate judge stated that, in assessing plaintiff's residual functional capacity (RFC), the administrative law judge (ALJ) failed to properly address the opinions of plaintiff's treating neurologist, Jeremy Salas, M.D., and consultative psychologist, Nancy Barton, M.D., under the standards contained in the Commissioner's regulations. Id. Defendant objected to the report and recommendation (Dkt. # 24), and plaintiff responded to

defendant's objection (Dkt. # 25). The Court accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further administrative proceedings. Dkt. # 26.

Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 29. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.[1]

Defendant argues that her position was substantially justified because "the Magistrate Judge disregarded medical evidence of Plaintiff's physical and mental functioning from Drs. Salas and Barton and others the ALJ found that supported his decision in these regards." Dkt. # 29, at 4.

---

[1] Defendant asserts that "it is **not** the facts or the ultimate merits of the case, but rather, the standard of review utilized that differs as between the court's determination on the merits and its determination on the fee issue currently before it." Dkt. # 29, at 8 (emphasis in original). The Supreme Court and Tenth Circuit cases clearly establish the applicable standard for determining the fee issue. Therefore, as an initial matter, the Court finds it unnecessary to consider whether to adopt defendant's interpretation of that standard. In any case, defendant's proposed standard contradicts Tenth Circuit precedent, which requires defendant to show that her case "had a reasonable basis in law and in fact." Hadden, 851 F.2d at 1267 (emphasis added).

Defendant then lists the medical evidence to which the ALJ cited in support of his RFC determination. Moreover, defendant argues that the magistrate judge "disregarded Dr. Barton's psychological examination the ALJ obtained to assess Plaintiff's mental functioning, specifically Dr. Barton's favorable mental functional findings . . . ." Id. at 6. There are two problems with defendant's argument. First, by arguing that the magistrate judge did not address certain evidence relied on by the ALJ, defendant seems to misunderstand the magistrate judge's role–and the Court's role–in conducting judicial review. It is not the role of the magistrate judge or the Court to reweigh the evidence or substitute its judgment for that of the ALJ. Rather, the magistrate judge and the Court each conducts an independent review of the record to determine whether the ALJ applied the correct legal standard to the findings at issue. Here, the issues on judicial review were (1) whether the ALJ applied the correct legal standard in finding that Dr. Salas's medical opinions were entitled to "some, but not controlling weight," and (2) whether the ALJ gave "significant weight" to all of Dr. Barton's opinions. Those were the only opinions that the magistrate judge and the Court had to address, because the ALJ's treatment of the other medical opinions was not at issue. Therefore, the Court does not find reasonable defendant's position that the magistrate judge disregarded certain evidence. The second problem with defendant's argument is that it ignores the regulations' requirements for evaluating medical opinions, as well as the Court's discussion of those requirements in its opinion and order (Dkt. # 26). The regulations's clearly require the ALJ to "evaluate every medical opinion [he or she] receive[s]." 20 C.F.R. § 404.1527(c). As noted in the Court's opinion and order, the ALJ cherry-picked the portions Drs. Salas's and Barton's opinions that supported his findings, and discounted the portions of those opinions that did not support his findings. Thus, defendant's argument that the ALJ's decision was sufficient because the ALJ cited

certain evidence that supported his RFC determination in no way justifies or explains the fact that the ALJ discounted portions of Drs. Salas's and Barton's medical opinions without conducting the analysis required under the regulations. Accordingly, the Court finds that defendant's position was not "justified to a degree that could satisfy a reasonable person."

Defendant also argues that her position was substantially justified because "neuropsychologic[al] testing may help identify functional deficits and predict social and psychologic prognosis." Dkt. # 29, at 5-6. In its opinion and order, the Court explained that the ALJ noted that Dr. Salas did not request a neuropsychological test. Based on this finding, the ALJ concluded that Dr. Salas relied heavily on the subjective report of symptoms and limitations provided by plaintiff. The Court noted that this was the ALJ's sole explanation for assigning "some, but not controlling weight" to Dr. Salas's opinions. The Court noted that normal findings on neurological examinations are not indicative of mental abilities; however, the Court explained that "[e]ven if normal findings on neurological examinations were indicative of mental abilities (which they are not), that would not justify the ALJ's decision to discount the vast majority of Dr. Salas' medical opinions without any reference to the requirements for weighing opinion evidence under § 404.1527(c) and Tenth Circuit precedent." Dkt. # 26, at 10-11. Therefore, defendant's position that neuropsychological testing may help identify functional deficits and predict social and psychological prognosis is irrelevant, because it has no bearing on the ALJ's failure to apply the proper legal standard in evaluating the doctors' opinions. Accordingly, the Court finds that defendant's litigation position was not substantially justified.

Finally, the Court found that certain justifications raised by defendant in her objection were not included in the ALJ's decision as justifications for the ALJ's treatment of the doctors' opinions.

4

Defendant argues that her position is substantially justified because "even if the ALJ did not use the phrase 'I find' in connection with his conclusions . . ., the form of words should not obscure the substance of what an ALJ actually did." Dkt. # 29, at 6. The Court does not find that defendant's position is reasonable, however, because there is nothing in the ALJ's decision to suggest that the ALJ relied on these justifications in evaluating the doctors' opinions. Moreover, defendant failed to address the second half of the Court's holding on this issue, which states that, "[i]n any case, even if the ALJ were to have provided such arguments as justifications for the weight assigned to the doctors' opinions, such justifications would not satisfy the requirements for evaluating opinion evidence under § 404.1527(c), especially because a treating source's medical opinion generally receives more weight than medical opinions from other sources. § 404.1527(c)." Dkt. # 26, at 12. The regulations clearly provide that "[g]enerally, [the ALJ] give[s] more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." § 404.1527(c)(2). In addition, Tenth Circuit case law requires the ALJ to complete a two-step inquiry when evaluating a treating physician's opinion. Therefore, the Court does not find defendant's position to be reasonable, given the unique importance of treating source opinions under the regulations. Accordingly, the Court finds that defendant's litigation position was not substantially justified.

Defendant has not objected to the amount of EAJA fees requested by plaintiff's counsel. The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is

reasonable. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).[2]

**IT IS THEREFORE ORDERED** that plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act (Dkt. # 28) is **granted**, and plaintiff shall be awarded attorney fees in the amended amount of $5,801.90. A separate judgment is entered herewith.

**DATED** this 10th day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff requests that the check, which will be made payable to plaintiff, be mailed directly to her counsel. The Court does not address this request and refrains from involving itself in the specifics regarding the mailing of the EAJA award.